IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MANDRIEZ RAMON SPIVEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 5:14-CV-309-MTT |
| | : | |
| USP BEAUMONT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Mandriez Spivey, who is presently confined at the United States Penitentiary ("USP") Beaumont in Beaumont, Texas,[1] has filed a complaint in which he lists USP Beaumont, Medical Health Provider John/Jane Doe, Darrell Johnson, and Kersa Taylor as Defendants. (Doc. 1.) Plaintiff, however, failed to file a motion to proceed *in forma pauperis* or pay the filing fee in this case.

Nevertheless, the "three strikes rule" of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g), states that "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of § 1915(g) in concluding that the provision does not violate an inmate's right of access to the courts, the doctrine of

---

[1] Plaintiff pled guilty in this Court to one count of possession of a firearm by a convicted felon and was sentenced to eighty-five (85) months in prison on November 15, 2010. *See United States v. Spivey*, 5:10-cr-17-CAR (M.D.Ga. Nov. 15, 2010).

separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), a*brogated in part by Jones v. Bock*, 549 U.S. 199 (2007). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

A review of his previous filings indicates that Plaintiff has filed at least three complaints in this Court which have been dismissed under circumstances that constitute "strikes" for purposes of § 1915(g). *See Spivey v. Powell, et al.,* 5:11-cv-262-MTT (M.D.Ga. Jul. 11, 2011) (case dismissed pursuant to § 1915A); *Spivey v. Jackson GDCP, et al.,* 5:11-cv-289-MTT (M.D.Ga. Sept. 16, 2011) (case dismissed pursuant to § 1915A); and *Spivey v. Owens, et al.,* 5:11-cv-300-WLS (M.D.Ga. Jan. 25, 2012) (case dismissed pursuant to § 1915A).

As Plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). In his complaint, Plaintiff makes several disjointed claims. Plaintiff states that he has been denied law library time, his access to the courts has been impeded, he has been denied religious freedom, and he has had a "delay in diagnosis." (Compl. p. 3.) Plaintiff then specifically alleges that his cellmate "Pee wee," who is from Macon, Georgia, told Plaintiff that Plaintiff "had to get off this compound," so Plaintiff requested protective custody. Plaintiff alleges he received an "Incident Report" for that reason. Plaintiff was then placed in a cell with a "Mexican" who spoke no English. Plaintiff states he pressed the "Dress

Button"[2] and was put into a cell by himself. A day or two later, Plaintiff alleges he was put in a cell with an inmate named Sanders with whom he had an argument. Plaintiff again pressed the "Dress" button, but was told he could not be moved at that time. Plaintiff then states, without further explanation, that he and his cellmate later had an altercation.

That Saturday, Plaintiff asserts that he began having neck and shoulder pain. Plaintiff was told it was not an emergency and he would have to wait until Monday to file a "sick call" request. Plaintiff filed his sick call request on Monday, but was told it would be two weeks before he could be seen.

On June 19, 2014, Plaintiff was informed that he would be moved to a "one man" cell next door, but Plaintiff states he "was sceptical [sic] about this" because he had recently been moved to "this cell." Thus, Plaintiff refused the transfer. After his refusal, officers "came with cameras and tactical gear, so [Plaintiff] complied." In his new cell, Plaintiff alleges he was housed with a homosexual who at some point rubbed his genitalia on Plaintiff and began to kick him. After the inmate was subdued, Plaintiff, who was "still on the wall" was kneed in the "Achilles calf area" by an officer. Plaintiff was then taken to be examined wherein a Lieutenant Garcia took some legal paperwork, a "personal book" Plaintiff was writing, and a mail catalog out of Plaintiff's sock. Said material was never returned to Plaintiff.

Plaintiff then states that he "would like to report but not file a claim for sexual assault" that while he is asleep he is drugged and sexually assaulted. Plaintiff

---

[2] Plaintiff's complaint does not define the term "Dress Button," but the Court assumes Plaintiff assumes Plaintiff is referring to a "duress button."

contends that staff and/or inmates are coming into his cell "from behind the toliet [sic] and shower and tray flap" and sticking objects into his rectum and touching his penis. These acts have caused "injury to [Plaintiff's] shoulder, neck, back, knee and mouth."

Plaintiff then claims he is denied access to the law library, legal mail has been opened outside of his presence, and his access to courts has been impeded. Plaintiff claims he is also being denied religious freedom because he has repeatedly asked the chaplain, who has not made rounds since Plaintiff arrived, for prayer schedules and Qurans but gets no response. Lastly, Plaintiff alleges that "[t]his type torment is being employed by a Criminal Organazation [sic] from Macon Ga who have been allowed to harass and terrorize me throughout Georgia Department of Corrections and The Federal BOP."

Even construing Plaintiff's complaint liberally in his favor, it is clear that these allegations do not satisfy the imminent danger exception. As such, Plaintiff's complaint must be **DISMISSED**.

It is noted that even if Plaintiff did not have "three strikes," his complaint would be subject to dismissal for abuse of the judicial process. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – is frivolous or malicious." In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007), the Eleventh Circuit found that a case dismissed for abuse of the judicial process, "is precisely the type of strike [based on frivolousness or maliciousness] that Congress envisioned when drafting section 1915(g)." The Court's discretion to dismiss

a case without prejudice pursuant to 1915(e)(2)(B)(i) has been exerted and upheld on multiple occasions. *See e.g. Schmidt v. Navarro*, -- F. App'x --, 2014 WL 3906465 (11th Cir. Aug. 12, 2014) (finding it was not an abuse of discretion by the District Court to dismiss § 1983 claim for abuse of the judicial process); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (affirming the dismissal of a claim where prisoner abused the judicial process by misrepresenting his litigation history); *Shelton v. Rohrs*, 406 F. App'x 340, (11th Cir. 2010) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections,* 380 F. App'x 939 (11th Cir. 2010) (affirming the dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation). The Eleventh Circuit has held that "the court must make a finding of bad faith on the part of the litigant before imposing such sanctions." *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006). A party engages in bad faith by delaying or disrupting the litigation or hampering enforcement of a court order. *Id.* (quotation and citation omitted). Furthermore, "[a]lthough *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." *Redmon*, 414 F. App'x at 225-26.

In this case, Plaintiff, who signed a court-provided complaint under penalty of perjury, answered "No" on the complaint when he was asked if he had "begun other lawsuits in state or federal court dealing with the same facts involved in this action or *otherwise relating to your imprisonment*." (Compl. p. 1) (emphasis added). Plaintiff's failure to provide a complete list of his litigation history is found to be an abuse of

process as his attempt to mislead the Court with regard to his litigation history in this case is egregious and knowing. While he was in the Georgia state prison system in 2011, Plaintiff filed five § 1983 complaints which were ultimately dismissed. It is further noted that on May 16, 2014 alone, Plaintiff filed three separate § 1983 actions in this Court.[3] The Court thus finds that Plaintiff's failure to note the previous § 1983 suits he had filed in this Court was done in bad faith. As such, Plaintiff's complaint must be **DISMISSED.**

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

So ORDERED this 26th day of September, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lws

---

[3] *See Spivey v. Braggs*, 5:14-cv-192-MTT (M.D.Ga. May 16, 2014); *Spivey v. Farley, et al.*, 5:14-cv-193-CAR (M.D.Ga. May 16, 2014); and *Spivey v. FCI Atlanta, et al.*, 5:14-cv-194-MTT (M.D.Ga. May 16, 2014).